## CIRCUIT COURT OF THE CITY OF RICHMOND

Mark D. Hatchett

v.

City of Richmond

January 13, 2004

Case No. LR-2949-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal from a determination by the City of Richmond's Director of Human Resources that an employee's complaint under the city's grievance procedure does not qualify for a grievance hearing. The employee, Mark D. Hatchett, asks the court to reverse the Director's determination.

Hatchet is a police officer. On February 16, 2003, he responded to a traffic accident. During his investigation, he made the following statement to someone at the scene:

Because he's a white guy with a red face, driving a pickup truck, that [*sic*] he's not necessarily intoxicated.

On March 21, 2003, a written "Formal Counsel and Assistance" was placed in Hatchett's personnel file. The document, which was signed by Major David M. McCoy, stated that Hatchett's statement:

was not meant to be derogatory but it was inappropriate. You must be aware of the comments that you say.

The document also cited, but offers no explanation for, or description of, "General Order 100-1, Section 35, Courtesy."

On June 27, 2003, Hatchett received an "Exceptional" performance evaluation for the period October 1, 2002, to June 30, 2003, from his supervisor, Sergeant Herman W. Loney, III. The evaluation was reviewed on

July 2, 2003, by Lieutenant James R. Peace. It was not changed during that review. On October 14, 2003, however, Hatchett was told by Loney that because he had received the "Formal Counsel and Assistance," the evaluation had to be changed to "Successfully Meets Expectations." As a result of that change, Hatchett was denied a pay raise that had been recommended for him.

Hatchett began the grievance process on October 14, 2003, by bringing the above facts to the attention of Sgt. Loney. His written complaint was filed on October 23, 2003. Sergeant Loney responded to the complaint by recommending that Hatchett receive the pay raise, Loney specifically stating in his response that:

> [T]he "Formal Counsel and Assistance" that Officer Hatchett received was not disciplinary in nature, i.e., non grievable. Therefore, it should not be held against him on his Performance Evaluation or any pay raise that he has earned.

On October 30, 2003, Major McCoy asked for a determination of grievability. It is that determination, that the complaint is not grievable, that Hatchett appeals.

The "Formal Counsel and Assistance" contains the following language:

> This corrective counsel is pursuant to the Personnel Rules of the City of Richmond, is not discipline and, therefore, not grievable.

The court is not bound by that statement. Under the city's personnel rules, disciplinary actions are grievable. The city cannot deprive an employee of the right to grieve a disciplinary action simply by saying that the action is not discipline. If the action is discipline, it is discipline regardless of the city's characterization of it. The court, however, need not decide whether the "Formal Counsel and Assistance" given to Hatchett in this case is discipline.

Section 7.11 of the city's personnel rules provides that an employee wishing to file a grievance must first confer with his or her immediate supervisor within 20 days of the event giving rise to the complaint. The supervisor then has 10 days in which to meet with the employee and issue a written decision as to whether the complaint may be resolved. If the complaint is not resolved, the employee has 10 days after the meeting with the supervisor in which to file a formal, written complaint. Neither of those steps, nor any of the subsequent steps set out in the rules, was followed with regard to the "Formal Counsel and Assistance." The first complaint under the grievance procedure was not filed until Hatchett was told he would not receive a raise.

Hatchett argues that the city cannot now rely on his failure to file a timely complaint about the "Formal Counsel and Assistance" since the city told him he could not grieve it at the time it was issued. The city, however, has not changed its position. Just as Hatchett refuses to accept the city's position that the "Formal Counsel and Assistance" is not discipline now, he could have refused to accept the city's position that it was not discipline then. Indeed, the fact that the city also argues that performance evaluations and decisions regarding pay raises are not grievable has not prevented Hatchett from pursuing the present complaint. The court holds that the city is not estopped from claiming that Hatchett cannot now grieve the "Formal Counsel and Assistance." The court further holds that because Hatchett did not comply with the time requirements for commencing a grievance about the "Formal Counsel and Assistance, he cannot commence a grievance about the "Formal Counsel and Assistance" now. That part of his complaint does not qualify for a grievance hearing.

In spite of the ruling just made, the court will remand this case to the city with directions that a grievance hearing be held. This is not because the court believes that the city's failure to give Hatchett a pay raise constitutes discipline. It does not. If anything constitutes discipline, it is the "Formal Counsel and Assistance." Again, however, the court does not decide that question. The court will require a hearing on Hatchett's grievance because the court is of the opinion that Hatchett has raised a substantial question of whether there has been a misapplication of city personnel policy with regard to his performance evaluation.

As noted earlier, Hatchett's performance evaluation, indicating a rating of "Exceptional," was signed by his supervisor on June 27, 2003. It was reviewed, with no change, on July 2, 2003. It was not until October 14, 2003, that he was told that the evaluation had to be changed. This seems like an unusually long time. If such a delay is in accordance with city policy, there is probably nothing Hatchett can do about it. The court believes that he has the right to have a hearing to determine if it is. The court is also concerned that, in response to the court's inquiry during the hearing in this court about who made the change on Hatchett's evaluation from "Exceptional" to "Successfully Meets Expectations," the city has informed the court by letter that "the City has yet to locate the Performance Evaluation Form for Officer Hatchett that indicates the 'meets' rating he ultimately received." The court believes that Hatchett is entitled to a hearing to sort out all of the unanswered questions.