# CIRCUIT COURT OF THE CITY OF RICHMOND

Debbie A. Randolph

v.

City of Richmond

October 7, 2004

Case Nos. LS-2039-4 and LS-2043-4

BY JUDGE RANDALL G. JOHNSON

In each of these cases, Debbie A. Randolph, a City of Richmond employee, asks the court to overturn the decision of the city's Director of Human Resources that her complaint is non-grievable under the city's Personnel Rules for the Classified Service. In each case, the issue is whether a "written counseling," as that term is used in the Rules, is a disciplinary action. If it is, the complaints are grievable. If it is not, the complaints are not grievable. The court holds that the complaints are grievable.

To understand the reasons for the court's decision, some background is necessary. Section 1.1(26) of the city's Personnel Rules contains the following definition:

> *Counseling* — A verbal statement, which may be followed in written form, made to an employee intended to improve job performance or job related behavior. Counseling is not a disciplinary action and is not grievable.

On January 13, 2004, this court, through the author of this opinion, decided the appeal of Mark D. Hatchett, a city employee. Hatchett had filed a complaint concerning a change in his performance evaluation from "Exceptional" to "Successfully Meets Expectations." The reason given for the change by Hatchett's supervisor was that Hatchett had received a "Formal Counsel and Assistance," the same as a written counseling, concerning a work-related incident.

Hatchett filed a complaint with the city, which was determined to be non-grievable. He appealed that decision to this court. At argument, Hatchett took the position that, since the written counseling was being used to deprive him of an employment benefit, an "Exceptional" rating, it was discipline. The city, citing its Rules, argued that the counseling was not grievable. In *Hatchett v. City of Richmond*, 63 Va. Cir. 554 (2004), the court expressed concern over the city's position. With regard to the statement in the Rules that written counselings are not discipline, the court said:

> The court is not bound by that statement. Under the city's personnel rules, disciplinary actions are grievable. The city cannot deprive an employee of the right to grieve a disciplinary action simply by saying that the action is not discipline. If the action is discipline, it is discipline regardless of the city's characterization of it.

63 Va. Cir. at 555.

In spite of the court's concern, the complaint was held to be non-grievable. That decision, however, was made not because the written counseling was not discipline, but because Hatchett had not complained about it within the time limit set by the Rules, the court specifically stating that it "need not decide whether the 'Formal Counsel and Assistance' given to Hatchett in this case is discipline." *Id.*[1]

On February 13, 2004, Judge Hughes of this court decided the appeal of Everett M. Fields, another city employee. Like Hatchett, Fields had been given a written counseling, this time variously called a "Letter of Counseling" or "counseling memorandum," and had filed a complaint with the city. Also like Hatchett, his complaint was determined by the Director of Human Resources to be non-grievable. On appeal, after noting Fields' argument that "the counseling memorandum is for all intents and purposes a reprimand and should be treated as such and thus grievable under the personnel rules," *Everett M. Fields v. City of Richmond*, Case No. LM-2598-1 (Slip Op. at 1),[2]

---

[1] Although the court held that the written counseling was not grievable, the court remanded the case to the city for a hearing on Hatchett's complaint that the timing and manner of the change from an "Exceptional" rating to a "Successfully Meets Expectations" rating was a misapplication of the city's personnel policy, misapplication of such policy being grievable under the Rules.

[2] Section 7.4 of the Personnel Rules provides that written reprimands are grievable. This will be discussed later in this opinion.

and after discussing the factual situation in *Hatchett*, which had been cited by Fields as support for his argument, Judge Hughes said:

> Fields contends that since the City has said the memorandum will go into his personnel file for future reference, this amounts to disciplinary action. The fact that the counseling memorandum will be placed in Fields' file for reference in the event of future infractions does not suggest that presently Fields has been made subject to employment discipline. *There is no linkage to anything of an employment discipline presently as was the case in Hatchett.*

*Id.* at 2 (emphasis added).

Judge Hughes held that Fields' complaint was not grievable.

On March 4, 2004, the court, again through the author of this opinion, decided an appeal involving the present appellant, Debbie A. Randolph. That appeal involved an incident that occurred on December 16, 2003. On that date, Randolph was involved in a "confrontation" with a fellow employee for which she received a written counseling. Randolph filed a complaint, and, when it was determined to be non-grievable, she appealed to this court. At the time of the appeal, no other employment action, such as changing Randolph's performance evaluation, had occurred. In other words, there was no "linkage," as that term was used by Judge Hughes in *Fields*, between the written counseling and any adverse employment decision. At the hearing in this court, the city argued, and the court ruled from the bench, that the written counseling was not grievable.

The above background sets the stage for Randolph's present appeals. In LS-2039-4, Randolph complains about her performance evaluation dated July 7, 2004. As was the case with Hatchett, Randolph was rated by her immediate supervisor as "Exceptional." When the evaluation moved through the chain of command, however, it was changed to "Successfully Meets Expectations." As was also true with Hatchett, Randolph was told that the reason for the change was the presence of a written counseling in her personnel file; specifically, the counseling that she had unsuccessfully challenged in her earlier complaint to the city and appeal to this court. In fact, between the time of Hatchett's appeal and Randolph's evaluation, the city had enacted Ordinance No. 2004-110-136, providing that "[n]o rating of 'Exceptional' shall be given to an employee who received a written counseling . . . during the rating period."

In LS-2043-4, Randolph appeals a non-grievability determination concerning a later "counseling memorandum" which, though not relied on by the city as a reason for the change in her July evaluation, also occurred during

the evaluation period. Because Randolph has timely challenged the latest written counseling, and because the city has now used the earlier written counseling to deprive her of an "Exceptional" performance rating, thus providing the "linkage" that was missing in the *Fields* case before Judge Hughes' and in Randolph's earlier appeal, the court believes that the question of whether the city's use of written counselings constitutes discipline is now squarely before it. The court concludes that such counselings are discipline. .

As was said in *Hatchett*, the court is not bound by the city's statement in its Personnel Rules that written counselings are not discipline. The fact that Richmond maintains a grievance procedure for its classified workforce is not the result of the city's benevolence. It is required by law. Va. Code § 15.1-1506 provides, in part:

> Notwithstanding any other provision of law to the contrary, general or special, every locality which has more than fifteen employees shall have a grievance procedure for its employees that affords an immediate and fair method for the resolution of disputes which may arise between the public employer and its employees. . . .

Section 15.2-1507 provides, again in part:

> Each grievance procedure shall include the following components and features:
>
> 1. *Definition of grievance.* A grievance shall be a complaint or dispute by an employee relating to his employment, including but not necessarily limited to (i) *disciplinary actions.* . . .

Emphasis added.

Thus, it is not up to the city to decide if it will provide a grievance procedure to its employees. That requirement is mandated by statute. Nor is it up to the city to decide what is, and what is not, discipline. The answer lies elsewhere.

No Virginia statute defines discipline. *Webster's* defines it as follows:

> 1: PUNISHMENT 2 *obs*: INSTRUCTION 3: a subject that is taught: a field of study 4: training that corrects, molds, or perfects the mental faculties or moral character 5a: control gained by enforcing obedience or order b: orderly or prescribed conduct or pattern of

behavior c: SELF-CONTROL 6: a rule or system of rules governing conduct or activity.

*Webster's Ninth New Collegiate Dictionary* 360 (1983).

According to *Black's Law Dictionary*, discipline is:

> 1. Punishment intended to correct or instruct; esp., a sanction or penalty imposed after an official finding of misconduct. 2. Control gained by enforcing compliance or order. 3. *Military law.* A state of mind inducing instant obedience to a lawful order, no matter how unpleasant or dangerous such compliance might be.

*Black's Law Dictionary* 476 (7th ed. 1999).

The city's use of written counselings fits squarely within the letter and spirit of the majority of those definitions.

First, the written counselings were used by the city as punishment. Randolph had been given an "Exceptional" rating. The only reason that rating was changed to "Successfully Meets Expectations" was the existence of a written counseling in her personnel file.

Second, the city's own definition of counseling, "A verbal statement, which may be followed in written form, made to an employee intended to improve job performance or job related behavior," falls squarely within *Webster*'s definitions of discipline as "training that corrects, molds, or perfects the mental faculties or moral character," "control gained by enforcing obedience or order," and "orderly or prescribed conduct or pattern of behavior;" and *Black*'s definitions of discipline as "[p]unishment intended to correct or instruct; esp., a sanction or penalty imposed after an official finding of misconduct," and "[c]ontrol gained by enforcing compliance or order."

Third, there is no practical difference between the city's definition of counseling and its definition of reprimand. This is important because § 7.4 of the Personnel Rules makes reprimands grievable. Without a distinction between reprimands and counselings, counselings must be grievable as well. Thus, a counseling is "[a] verbal statement, which may be followed in written form, made to an employee intended to improve job performance or job related behavior." Personnel Rules, § 1.1(26). A reprimand is "[a] written disciplinary statement made to an employee concerning job performance or job related behavior. Personnel Rules, § 1.1(80). As can be seen, the only differences in the two definitions are (1) a reprimand must be in writing, while a counseling may be in writing; (2) the definition of reprimand contains the word "disciplinary;" and (3) a counseling is intended to improve job

performance or job related behavior, while a reprimand concerns job performance or job related behavior. Each of those differences is meaningless.

With regard to the fact that reprimands must be in writing while counselings may be in writing, the only counselings at issue in the present appeals are counselings that are in writing and are in Randolph's personnel file. Whether they are required to be in writing makes no difference.

With regard to the fact that the word "disciplinary" is in the definition of reprimand and not in the definition of counseling, the court has already pointed out that it is not up to the city to decide what is and what is not discipline. Otherwise, the city could say that suspensions and terminations for cause are not discipline. Discipline is what meets the definition of discipline, not what the city says it is.

With regard to the fact that a counseling is intended to improve job performance or job related behavior, while a reprimand concerns job performance or job related behavior, that would be a distinction only if the city did not intend to improve job performance or job related behavior by issuing reprimands. Obviously it does. Even more basic, a counseling cannot be intended to improve job performance or job related behavior unless such counseling concerns job performance or job related behavior. There simply is no meaningful difference between written counselings and reprimands as those two terms are defined in the city's Personnel Rules. And since reprimands are grievable, written counselings are also grievable.

Lastly, the court notes with some amusement that at least Randolph's and Fields' supervisors thought they were taking disciplinary action when they placed counseling letters in their personnel files. In Randolph's written counseling involving the December 2003 incident, William Wynn, Randolph's supervisor, after setting out the facts that he felt warranted the counseling, said:

> This type of behavior will not be tolerated and future occurrences will be handled *with stricter disciplinary measures*.

Emphasis added.

In his opinion in *Fields*, Judge Hughes noted that Fields' supervisor warned Fields that "further incidences will be treated with *stricter disciplinary measures*." *Fields*, Slip Op. at 1. Obviously, *stricter* disciplinary measures cannot occur until *some* disciplinary measures have occurred. In fact, with regard to Randolph, Mary Jane K. Sharp of the city's Human Resources Department, in an e-mail dated January 9, 2004, told Wynn and others:

> [I]t is suggested that William reissue the counseling memo . . . and remove the language regarding, "if there are future occurrences, **stricter disciplinary action will occur." Insert, "If there are any future occurrences, disciplinary action may be implemented."** The original wording makes it look like the counseling memo is disciplinary action and you can get overturned in court if she grieves a Determination of Grievability issued by [Human Resources] and she appeals to Circuit Court.

Bold type in original.

The wording of the counseling was changed. The court does not know if similar advice was given to Fields' supervisor. The court believes, however, that the supervisors' original understanding of the counselings as discipline was correct.

In summary, the court finds that the written counselings issued to Randolph and placed in her personnel file are disciplinary actions as that term is used in Va. Code § 15.2-1507. The court further finds that, by challenging the written counseling issued after the December 2003 incident, albeit unsuccessfully, Randolph may now challenge the adverse employment decision, the lowering of her evaluation from "Exceptional" to "Successfully Meets Expectations," resulting from that counseling even though performance evaluations are normally not grievable. The counseling issued June 28, 2004, is grievable in its own right.